**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jamon Depriest BOND, Defendant–
Appellant.**

No. 02–5607.

United States Court of Appeals,
Sixth Circuit.

Feb. 10, 2003.

Before SILER and ROGERS, Circuit
Judges;  and GWIN, District Judge.*

*ORDER*

Jamon Depriest Bond appeals his judg-
ment of conviction and sentence. (Att.2).
The parties have expressly waived oral
argument, and this panel unanimously
agrees that oral argument is not needed.
Fed. R.App. P. 34(a).

In January 2002, Bond pleaded guilty to
possession with intent to distribute crack
cocaine in violation of 21 U.S.C.
§ 841(a)(1). The district court sentenced
Bond to 132 months of imprisonment.
Bond has filed a timely appeal, arguing
that the district court erred when it con-
sidered his statement regarding 28 grams
of crack cocaine as relevant conduct.

Upon review, we conclude that the dis-
trict court properly considered Bond's
statement regarding 28 grams of crack
cocaine as relevant conduct. Findings
with respect to "relevant conduct" are re-
viewed under the clearly erroneous stan-
dard of review, *see United States v. Col-
lins,* 78 F.3d 1021, 1040 (6th Cir.1996), and
must be based on the preponderance of the
evidence. *See United States v. Meacham,*
27 F.3d 214, 216 (6th Cir.1994). Under
USSG § 1B1.3(a)(2), other uncharged con-

* The Honorable James S. Gwin, United States
District Judge for the Northern District of
Ohio, sitting by designation.

duct may be considered as relevant conduct when it is part of the same course of conduct or common scheme or plan as the offense of conviction. *See United States v. Comer,* 93 F.3d 1271, 1284 (6th Cir.1996). To determine if a defendant's conduct constitutes the "same course or conduct," the court should consider 1) the regularity of the offenses, 2) the time interval between the offenses, and 3) the degree of similarity of the offenses. *See United States v. Hill,* 79 F.3d 1477, 1481–82 (6th Cir.1996). Evidence considered at sentencing may include facts disclosed during the presentence conference. *See United States v. Wilson,* 954 F.2d 374, 377 (6th Cir.1992).

The district court's finding that the relevant conduct included the 28 grams of cocaine base was properly established by Officer Jones's testimony. Bond argues that Jones's testimony was unreliable and should not have been considered by the district court. However, this court cannot set aside a district court's findings of fact unless they are clearly erroneous and this court must give due regard to the opportunity of the trial court to judge the credibility of the witnesses. *See* Fed.R.Civ.P. 52(a). Indeed, Rule 52(a) demands great deference to the trial court's determinations regarding the credibility of witnesses. *Anderson v. Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). When a district court's finding is based on the decision to credit the testimony of a witness, who has told a coherent and plausible story that is internally consistent and not contradicted by extrinsic evidence, that finding can virtually never be clear error. *Id.* Here, Bond did not present any evidence to contest Jones's credibility or the accuracy of his testimony. Although Bond denies making any admission, his self-serving statement is insufficient to discredit Officer Jones's sworn testimony. While Jones originally testified that Bond made his admission in the interrogation room, he later clarified, during both direct and cross examination, that the admission was made in the booking room. This mistake does not render Jones's testimony unreliable. In addition, Jones's testimony is not made unreliable by either Bond's failure to reduce his oral admission to writing, or the police officers' failure to discover cocaine in the toilet after inspecting it. There is simply nothing in the record to indicate that the district court's finding was made in error.

Finally, Bond's possession of the 28 grams of crack cocaine appears to be part of the same course of conduct or common scheme, i.e. possession of crack cocaine for distribution, involved in the charged offense. At the time the search warrant was executed, Bond admitted that he owned the 45.7 grams of cocaine base that the police found in the house. Bond admitted to his possession of the additional 28 grams of crack cocaine on the same day that he was arrested for the charged offense. Hence, there was not a long period of time separating the charged offense and Bond's possession of the additional crack cocaine. Finally, the offenses are similar as they involved the same drug. Hence, the district court properly considered the additional 28 grams of crack cocaine as relevant conduct. *See Hill,* 79 F.3d at 1481–82.

Accordingly, we affirm the judgment of conviction and sentence.